**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02405-REB

WILLIAM R. WARREN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed August 29, 2014, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that he is disabled as a result of major depressive disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder ("ADHD"). After his applications for disability insurance benefits and supplemental security income

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 23, 2013. At the time of the hearing, plaintiff was 54 years old. He had completed high school and at least three years of college and has past relevant work experience as a maintenance repairer. He has not engaged in substantial gainful activity since August 26, 2010, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff's mental impairments were severe,[2] the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a full range of light work at all exertional levels but could perform only simple, repetitive tasks and have only occasional contact with the public. Although this finding precluded plaintiff's past relevant work, the judge determined that there were other jobs existing in sufficient numbers in the national and local economies that he could perform. She therefore found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude his from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42

---

[2] A host of alleged physical impairments were determined to be non-severe, findings which plaintiff does not challenge in this appeal.

U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(I)-(v).[3]  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

---

[3] Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff presents two arguments on appeal: (1) that the ALJ's mental residual functional capacity assessment is not supported by substantial evidence; and (2) that the ALJ erred in failing to weigh the opinion of plaintiff's treating sources. Because I find remand is required based on the first of these assignments of error, I do not address directly plaintiff's remaining arguments in this appeal. ***See Watkins v. Barnhart***, 350 F.3d 1297, 1299 (10th Cir. 2003); ***Gorringe v. Astrue***, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012).[4]

In formulating plaintiff's mental residual functional capacity, the ALJ noted that plaintiff had "struggled with depression and symptoms associated with ADHD for nearly his entire life, but . . . demonstrates a capacity to work through these symptoms." (Tr. 23 (internal citations omitted).) She found his allegations of disabling symptoms associated with these impairments not credible, noting that they were inconsistent with the medical evidence, plaintiff's peripatetic course of treatment and statements to his medical providers, his activities of daily living, and his ongoing efforts to find work during the period of alleged disability. (Tr. 22-23.)

Nevertheless, and contrary to the opinion of the reviewing state agency psychologist (***see*** Tr. 87-94),[5] the ALJ credited plaintiff's "allegations that his depression

---

[4] Nevertheless, on remand, the ALJ should take care to explicitly set forth the weight she assigns to each of the medical source opinions of record and her reasons for her determinations in that regard. ***See Alexander v. Colvin***, 2015 WL 5579436 at *3-4 (D. Colo. Sept. 23, 2015).

[5] This state agency psychologist suggested plaintiff did not suffer from a severe medical impairment. The ALJ afforded that opinion "little weight," noting that the medical source had not reviewed the entirety of the medical evidence or considered plaintiff's credible testimony. (Tr. 24.)

and anxiety result in decreased concentration, a poor tolerance for stressful situations, and impaired social functioning" (Tr. 23), and thus sought to craft a residual functional capacity which would account for these "moderate" limitations (Tr. 20). She did so, *inter alia*, by limiting plaintiff to simple, repetitive tasks to account for his concentration deficits. (Tr. 21, 23-24.) However, the ALJ's unexamined equivalence of plaintiff's stress tolerance with his ability to do simple, repetitive work cannot bear scrutiny.

The law in this circuit is plain: a limitation to "unskilled" or "simple" work (or even "unskilled, simple" work) is insufficient to account adequately for deficits in the mental abilities required to engage in competitive employment. The Commissioner herself has recognized a distinction between the skill level required to do a job and the mental demands of that job:

> Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job.

**Social Security Ruling** 85-15, 1985 WL 56857 at *6 (SSA 1985). ***See also Chapo v. Astrue***, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012); ***Cira v. Colvin***, 67 F.Supp.3d 1206, 1209 (D. Colo. 2014). Accordingly, "[a] limitation to 'simple work' . . . is generally insufficient to address a claimant's mental impairments." ***Groberg v. Astrue***, 505 Fed. Appx. 763, 770 (10th Cir. Dec. 14, 2012).

More particularly, the Tenth Circuit has held that moderate limitations in, *inter alia*, the ability to maintain concentration, persistence, and pace – such as the ALJ endorsed here (Tr. 20) – are not adequately captured by a limitation to work requiring

6

only simple, routine, and/or repetitive tasks.[6] ***Jaramillo v. Colvin*** 576 Fed. Appx. 870, 876 (10th Cir. Aug. 27, 2014); ***Knuutila v. Colvin***, – F.Supp.3d –, 2015 WL 5116723 at *3 (D. Colo. Aug. 1, 2015). Recognizing that "a moderate impairment is not the same as no impairment at all," ***Haga v. Astrue***, 482 F.3d 1205, 1208 (10th Cir. 2007), and "supports the conclusion that the individual's capacity to perform the activity is impaired," **Program Operations Manual System** ("**POMS**") DI 24510.063 B.2,[7] the Tenth Circuit has required such limitations be accounted for with precision in the ultimate determination of the claimant's residual functional capacity, ***Jaramillo***, 576 Fed. Appx. at 876. This requirement in turn "demands that the ALJ express plaintiff's moderate impairments in mental functioning 'in terms of work-related functions' or '[w]ork-related mental activities.'" ***Id.*** (quoting **Social Security Ruling 96-8p**, 1996 WL 374184 at *6 (SSA July 2, 1996)). A residual functional capacity expressed as being limited only to work requiring simple, repetitive tasks is insufficient to meet these requirements. ***See id. See also Knuutila***, 2015 WL 5116723 at *3 n.2 (noting circuit split on this issue).

---

[6] The cases on which the Commissioner relies for her contrary position either are not directly apposite, ***see Wendelin v. Astrue***, 366 Fed. Appx. 899, 904 (10th Cir. Feb. 19, 2010) (upholding ALJ's determination not to impose limitations on plaintiff's ability to concentrate due to pain because no medical source had suggested such limitations); ***Aragon v. Colvin***, 2015 WL 292824 at *3 (D. Colo. Jan. 20, 2015) (finding that plaintiff failed to point to *any* evidence to support the imposition of mental limitations on plaintiff's ability to work), or actually support a contrary conclusion, ***see Summers v. Astrue***, 2011 WL 1085980 at *3 (W.D. Okla. Feb. 22, 2011) (recommending remand because ALJ failed to inquire of vocational expert whether unskilled, sedentary work is necessarily coextensive with a low-stress environment and distinguishing ***Wendelin***), ***adopted***, 2011 WL 1004628 (W.D. Okla. March 21, 2011).

[7] The POMS is "a set of policies issued by the Administration to be used in processing claims." ***McNamar v. Apfel***, 172 F.3d 764, 766 (10th Cir. 1999). The court "defer[s] to the POMS provisions unless [it] determine[s] they are 'arbitrary, capricious, or contrary to law.'" ***Ramey v. Reinertson***, 268 F.3d 955, 964 n. 2 (10th Cir. 2001) (quoting ***McNamar***, 172 F.3d at 766).

Accordingly, remand is required to allow the ALJ to attempt to substantiate her findings in this regard. Although plaintiff requests a directed award of benefits, I find that this case does not present a proper occasion for the exercise of my discretion in that regard.[8]  *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2.  That this case is remanded to the ALJ, who is directed to

> a.  Reevaluate her opinions at steps four and five of the sequential evaluation in accordance with this order, in particular, stating plaintiff's mental residual functional capacity in terms of specific, work-related functions which account for the moderate limitations found to be supported by the record, and ensuring further that any hypothetical propounded to a vocational expert includes such specific, work-related limitations;
>
> b.  Reevaluate the medical opinions of record, making specific findings regarding the weight assigned to each such opinion and the reasons therefor;
>
> c.  Recontact any medical or other source, seek the testimony of medical or vocational experts, order further consultative examinations, or otherwise further develop the record as she deems necessary; and
>
> d.  Reassess the disability determination; and

---

[8]  By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

9

3. That plaintiff is awarded his costs, to be taxed by the clerk of the court in the time and manner provided in Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

Dated March 21, 2016, at Denver, Colorado.

BY THE COURT:

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge